The defendant Dr. Richard C. Sheinbaum has submitted a proposed bill of costs dated March 21, 1991 seeking $13,450, following a verdict in his favor in this malpractice action tried to a jury.
The bill of costs consists of four separate categories, indemnity (General Statutes 52-257), witness CT Page 5650 fees for medical doctors and registered nurses (General Statutes 52-260(f)), depositions of two physicians (General Statutes 52-257(b)), and a jury fee (General Statutes 52-258).
There is no dispute between the parties regarding indemnity fees and therefore the defendant may recover $325 in this regard.
With respect to witness fees there are six doctors and two nurses involved. A Dr. Krinsley claims $1100, $220 an hour for five hours in court, and this amount is granted. A Doctor Matthay seeks $1,500 at the rate of $300 an hour times five hours. Taking into account the fees of other doctors in this case and in other proceedings I have decided that a reasonable fee is $250 per hour. Dr. Matthay claims three hours in court and two hours of travel from his office in Guilford. I believe that travel is properly compensable under a bill of costs because a physician would otherwise be billing a patient during the time of travel. Henceforth, Dr. Matthay is awarded $1,250. There is a claim of $4025 for a Dr. Hale for two court appearances totalling ten hours. At $250 an hour this doctor is awarded $2500. He seeks reimbursement for a meeting with defendant's counsel and for a review of the documents, but I find no authority for this claim. A Dr. Dobbins charges at an hourly rate of $250 and he claims to have spent 11-1/2 hours travelling from Branford and testifying in court on two successive days, and he is therefore awarded $2875. There is no dispute regarding a Dr. Pintauro who is awarded $180. Dr. Niell seeks reimbursement for 3 hours, including conversations with counsel for the defendant. My recollection is that he was in court for approximately 2 hours and is therefore awarded $200 as his requested rate is only $100 an hour.
The plaintiff claims that Drs. Matthay, Hale and Dobbins did not actually receive a subpoena from the defendant requiring them to testify, and therefore that they were not "summoned" in the words of General Statutes52-260(f). I believe this is much too restricted a reading of this statute, and that when a practitioner of the healing arts testifies as an expert, the prevailing party is entitled to an award of costs whether or not such practitioner is actually handed a subpoena.
The two registered nurses both charge $100 an hour, which I believe is reasonable, but claim they spent 20 and 15 hours respectively. My recollection is that they CT Page 5651 each spent a maximum of seven and a half hours in court and therefore costs may enter in the amount of $750 each.
The claim for a jury fee of $80 is rejected because the file indicates that the plaintiff claimed this case for a jury, but if the defendant can produce a receipt then of course this may be added to the bill of costs.
In summary, then, the defendant is awarded costs in the amount of $11,120 consisting of $325 taxable costs, $9605 for witness fees and $1190 for depositions.
So Ordered.
Dated at Stamford, Connecticut this 19th day of June, 1991.
WILLIAM B. LEWIS, JUDGE.